# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6493 | **DATE** | 2/27/2001 |
| **CASE TITLE** | ROB TWARDY vs. NORTHWEST AIRLINES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss is granted in part and denied in part, and its motion for a more definite statement is denied as moot. Plaintiff shall file its amended complaint within 20 days of the date of this order. Status hearing set for 3/21/01 at 9:15a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 28 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| | Mail AO 450 form. | | C.S. docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | 01 FEB 27 PM 3:13 | date mailed notice | |
| TBK | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROB TWARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00 C 6493 |
| | ) | Paul E. Plunkett, Senior Judge |
| NORTHWEST AIRLINES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
FEB 28 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Rob Twardy, ("Twardy"), has filed a one-count complaint against Northwest Airlines, Inc. ("NWA") for battery. NWA has moved to dismiss Twardy's complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6) or, in the alternative, a motion for a more definite statement pursuant to Rule 12(e). For the reasons provided in this Memorandum Opinion and Order, NWA's motion to dismiss is granted in part and denied in part, and its motion for a more definite statement is denied as moot.

### Facts[1]

Twardy is a twenty-five year old public school teacher. On August 7, 2000, he began round trip air travel on NWA from Chicago to Los Angeles, with a connection through Minneapolis, Minnesota. Upon boarding his flight, Twardy encountered Lori (last name not provided in

---

[1] The relevant facts set forth herein are taken from Twardy's Complaint.

complaint), a flight attendant of NWA whom he had never met. Lori stated she liked Twardy's smile and that he would be her "#1." Lori was responsible for the cabin area where Twardy was seated.

During the flight, Lori intentionally hit Twardy on the head with an open hand several times in an attempt to initiate conversation with Twardy. Twardy was not interested in conversing with Lori. In an attempt to distance himself from Lori, Twardy moved to a seat that was further back into the cabin. Lori noticed that Twardy had moved to another seat. Subsequently, she approached Twardy and intentionally poured water directly on his lap. In addition, she placed stickers labeled "fragile" on his arm, cheeks and crotch. Furthermore, Lori intentionally and forcibly turned Twardy's head with her hands and tried to kiss him on the lips. Finally, Lori simulated fellatio on a Bud Light Can by rubbing her tongue along the rim of the can. She then gave the can to Twardy.

Upon arriving in Los Angeles, Lori followed Twardy off the plane. While Twardy was placing a call at a car rental desk, Lori abruptly grabbed his face and kissed his lips in an effort to get "one last kiss." A fellow NWA employee witnessed this incident.

Based on these facts, Twardy is suing NWA for battery on a respondeat superior and/or common carrier liability theory. He seeks compensatory damages in excess of one thousand dollars ($1,000) and punitive damages in excess of one million dollars ($1,000,000). We have subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1).

## Legal Standard

On a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint must be taken as true, with all reasonable inferences drawn in the plaintiff's favor. See Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). A complaint may be

dismissed only if it is clear that no set of facts consistent with its allegations would entitle the plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

In its Rule 12(b)(6) motion to dismiss, NWA argues that Twardy has not properly pled a cause of action for battery. In addition, NWA argues that the battery count in Twardy's complaint impermissibly merges separate causes of action including negligent hiring, negligent retention, and intentional or negligent infliction of emotional distress. We agree that the complaint is inartful and wrongfully merges several causes of actions into a single count.

Twardy's one count complaint contains several allegations of battery. In paragraph 11, Twardy states: "Attendant committed the tort of battery against Plaintiff when Attendant intentionally hit Plaintiff with an open hand several times without cause or provocation on Plaintiff's ear and head in an attempt to initiate unwanted conversations with Plaintiff which Plaintiff attempted to avoid." Paragraph 12 states: Attendant intentionally poured water directly on Plaintiff's lap drenching Plaintiff's pants; Attendant intentionally placed stickers labeled "fragile on his arm, cheeks, and crotch; Attendant intentionally and forcibly turned Twardy's head with her hands and tried to kiss him on the lips; once off the plane, Attendant again abruptly grabbed Plaintiff's face and kissed his lips.

To allege battery, a plaintiff must sufficiently plead that the defendant intended to cause a harmful or offensive contact and that a harmful or offensive contact resulted. Happel v. Wal-Mart Stores, Inc., 316 Ill. App. 3d 621, 628, 250 Ill. Dec. 28, 35, 737 N.E.2d 650, 657 (2nd Dist. 2000). A "battery" is an unauthorized touching of another's person. Hernandez v. Schittek, 305 Ill. App. 3d

925, 930, 238 Ill. Dec. 957, 961, 713 N.E.2d 203, 207 (5th Dist. 1999). In order to state a cause of action for intentional battery, a plaintiff must allege a willful touching of another person without consent of the person who is touched. Kling v. Landry, 292 Ill. App. 3d 329, 339, 226 Ill. Dec. 684, 692, 686 N.E.2d 33, 41 (2nd Dist. 1997). Offensive contact is said to occur when the contact offends a reasonable sense of personal dignity. Cohen v. Smith, 269 Ill. App. 3d 1087, 1090, 207 Ill. Dec. 873, 876, 648 N.E.2d 329, 332 (5th Dist. 1995).

With the exception of the assertions made in paragraph 11, all of Twardy's other allegations of battery do not allege that there was unconsented contact. According to Mink v. University of Chicago, 460 F. Supp. 713, 717 (N.D. Ill. 1978), a plaintiff must plead a lack of consent to sustain a claim of battery. Thus, with the exception of paragraph 11, all of the allegations of battery are factually flawed. They are stricken with leave to amend, alleging each offensive contact was without consent.

Because Twardy has sued NWA, his complaint must set forth facts demonstrating that NWA is vicariously liable for the intentional wrongs of its employee. Again, in one count in violation of the Federal Rules of Civil Procedure, Twardy has alleged multiple duties to support his cause of action. As best we can discern, paragraphs 2, 4, and 6 allege vicarious liability premised on the fact that NWA is a common carrier, which has a heightened duty to protect passengers against the intentional torts by its employees. That duty is created by contract or by the nature of the business itself and imposes liability even when an employee acts for purely personal motives.

In paragraph 8, Twardy shifts gears and speaks of a respondeat superior theory of liability: "Defendant is the master or respondeat superior of the Attendant. A master is liable for any

intentional torts committed by the servant where its purpose, however misguided, is wholly or part to further master's business."

A "common carrier" is one who undertakes for the public to transport from place to place such persons as choose to employ him for hire. Illinois Highway Trans. Co. v. Hantel, 323 Ill. App. 364, 374, 55 N.E.2d 710, 714 (3d Dist. 1944). A common carrier owes its passengers the highest degree of care and the passenger-carrier relationship does not terminate until the passenger has had a reasonable opportunity to reach a place of safety. Jones v. Chicago and Northwestern Transp. Co., 206 Ill. App. 3d 136, 138, 151 Ill. Dec. 14, 15, 563 N.E.2d 1120, 1121 (1st Dist. 1990). Common carriers are vicariously liable for their employees' intentional and negligent torts even when they are committed outside the scope of employment. Eversole v. Wasson, 80 Ill. App. 3d 94, 35 Ill. Dec. 296, 398 N.E.2d 1246 (4th Dist. 1980). Unlike the case of a common carrier, under the doctrine of respondeat superior, an employer may be liable for negligent, wilful, malicious, or even criminal acts of its employee only when such acts are committed in the course of employment and in furtherance of business of the employer. Mitchell v. Norman James Const. Co., 291 Ill. App. 3d 927, 932, 225 Ill. Dec. 881, 887, 684 N.E.2d 872, 878 (1st Dist. 1997).

Taking all well-pleaded allegations in the complaint as true, as we must, we find that Lori acted outside the scope of her employment when she committed the batteries on Twardy. The factors considered in determining whether an employee's acts fall within the scope of her employment, so that the employer may be held liable for acts under the doctrine of respondeat superior, are: (1) if the acts are of a type the employee is employed to perform; (2) if the acts at issue occur substantially within the authorized time and space limits; and (3) if the acts are done, at least in part, by an intent to serve the employer. Hargan v. Southwestern Elec. Coop., 311 Ill. App. 3d 1029, 1031, 244 Ill.

Dec. 334, 336, 725 N.E.2d 807, 809 (5th Dist. 2000). Clearly, smacking, dumping water on Twardy, and kissing him, are not within the scope of Lori's employment with NWA in light of the factors outlined in Hargan. Therefore, Twardy cannot recover on a theory of respondeat superior. Those allegations are stricken.

Nonetheless, we find that NWA is a common carrier. Because a common carrier can be held liable for the torts of its employees even when acting outside the scope of employment, we find Twardy can state a claim against NWA under this theory. However, not all of Lori's alleged batteries are cognizable even under a common carrier claim. There are two separate time periods in which Twardy alleges the batteries took place – on the plane and in the airport in Los Angeles. Because Twardy ceased to be a passenger of a common carrier, i.e., NWA, upon his safe arrival in Los Angeles, NWA cannot be held liable for any batteries committed after that point. See Jones, 206 Ill. App. 3d at 138, 151 Ill. Dec. at 15, 563 N.E.2d at 1121. Therefore, Twardy is given leave to amend to allege his battery claims against NWA under a theory of common carrier liability for the unconsented to offensive contacts that took place while Twardy was a passenger of NWA.[2]

Twardy also claims that "[d]efendant was reckless in employing or retaining the Attendant," apparently claiming negligent hiring or retention of an employee.

A cause of action exists against an employer under that theory arises only if the employer knew or should have known that the employee was unfit for the job so as to create a danger of harm to third persons. Van Horne v. Muller, 185 Ill. 2d 299, 310, 235 Ill. Dec. 715, 721, 705 N.E.2d 898,

---

[2]In paragraph 5, Twardy has made reference to a document titled "Customer First Customer Guide" that was not attached to the complaint. In addition, Twardy has made no effort to demonstrate the relevance of the document or that its provisions were violated. Therefore, paragraph 5 is stricken.

904 (1999). An employer's direct liability for negligent hiring and retention is distinct from its <u>respondeat superior</u> liability for the acts of its employees. <u>Van Horne</u>, 185 Ill. 2d at 311, 235 Ill. Dec. at 722, 705 N.E.2d 898 at 905. To successfully plead a cause of action for negligent hiring or retention, it is not enough for the plaintiff to simply allege that the employee was generally unfit for employment; rather, liability arises in this context when the particular unfitness of the employee gives rise to a particular danger of harm to third parties, and the particular unfitness of the employee must have rendered the plaintiff's injury foreseeable to a person of ordinary prudence in the employer's position. <u>Van Horne</u>, 185 Ill. 2d at 313, 235 Ill. Dec. at 722, 705 N.E.2d at 905.

Twardy has failed to allege any material facts in connection with his negligent hiring and/or retention claim, i.e., that the particular unfitness of Lori gave rise to a particular danger of harm to Twardy, and the particular unfitness of Lori must have rendered Twardy's injury foreseeable to a person of ordinary prudence in NWA's position. <u>Van Horne</u>, 185 Ill. 2d at 313, 235 Ill. Dec. at 722, 705 N.E.2d 898 at 905. In addition, Twardy has failed to allege that NWA knew or should have known that Lori was unfit for the job. <u>Id.</u> A complaint must allege facts sufficiently setting forth the essential elements of the cause of action. <u>Lucien v. Preiner</u>, 976 F.2d 1166, 1168 (7th Cir. 1992). Therefore, Twardy's claim(s) for negligent hiring and/or negligent retention are dismissed. Given the remote possibility that discovery might bring to light some fact to support this theory, the dismissal is without prejudice.

In paragraph 15, Twardy claims that "Compensatory damages may include mental disturbance or mental effect for humiliation or embarrassment on Plaintiff even in absence of physical harm." NWA argues that under a civil battery count as defined in Illinois, there is no authority for the award of such compensatory damages. (NWA's Reply at 2-3.) NWA asserts that a claim for such damages

must be brought under a theory of negligent and/or intentional infliction of emotional distress. (Id.) We disagree. "When assessing damages in an assault and battery case, the jury may properly consider and allow compensation for the pain and suffering incurred by the plaintiff as a result of the blows inflicted, and for the humiliation, indignity, and vexation suffered by the plaintiff as a result of his assailant's conduct." Kennan v. Checker Taxi Co., 250 Ill. App. 3d 155, 164, 189 Ill. Dec. 891, 897, 620 N.E.2d 1208, 1214 (1st Dist. 1993). Therefore, Twardy's compensatory damages claim in paragraph 15 is allowed in connection with his allegation of battery.

In paragraphs 17 and 18, Twardy seeks punitive damages from NWA on a theory of respondeat superior. This request must fail because, as discussed above, NWA's liability cannot be premised on respondeat superior liability. However, because we find NWA to be a common carrier, Twardy may still be able to state a claim for punitive damages. Under Illinois law:

> Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if:
> (a) the principal authorized the doing and the manner of the act, or
> (b) the agent was unfit and principal was reckless in employing him, or
> (c) the agent was employed in a managerial capacity and was acting in the scope of his employment, or
> (d) the principal or a managerial agent of the principal ratified or approved the act.

Kennan, 250 Ill. App. 3d at 161, 189 Ill. Dec. at 895, 620 N.E.2d at 1212. In Kennan, the Illinois Court of Appeals held that "or other principal" included common carriers. Therefore, if Twardy could present sufficient evidence to demonstrate the existence of one of the elements of corporate liability set out above, then his claim for punitive damages would survive a motion to dismiss. As a result, we grant Twardy leave to amend. If Twardy chooses to pursue a claim for punitive damages, his amended complaint will need to be more specific than his current attempt to lay out "sufficient

evidence" to allow punitive damages under a respondeat superior claim contained in paragraph 19. It states: "Attendant was in the cabin with flight staff and flight crew and her conduct was ratified by the Defendant or managerial agent; Defendant authorized the act the way in which it was done; and Defendant was reckless in employing or retaining the Attendant." These conclusory allegations are insufficient. A complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien, 976 F.2d at 1168.

## Conclusion

In short, with the exception of paragraph 11, we find that Twardy has not sufficiently pleaded causes of action for battery. In addition, we find that while Twardy can state a claim for battery against NWA under a common carrier theory, he cannot do so under a respondeat superior theory. His respondeat superior claims are dismissed with prejudice. Because liability as a common carrier ceases upon Twardy's arrival in Los Angeles, his amended battery count can only contain allegations of battery while he was a passenger of NWA. In addition, Twardy has not sufficiently pleaded a cause of action against NWA for negligent hiring and/or retention. Twardy's claim for compensatory damages is sufficient, but his claim for punitives is not. However, he is given leave to amend his punitive damages claim.

Because we find support for some of Twardy's claims, but not for others, NWA's motion to dismiss is granted in part and denied in part, and its motion for a more definite statement is denied as moot. Plaintiff shall file its amended complaint within twenty (20) days of the date of this order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 2/27/01